**Below is a Memorandum Decision of the Court.**

**Mary Jo Heston
U.S. Bankruptcy Judge**

(Dated as of Entered on Docket date above)

___

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

LESTER STEVEN DAVIS, and

KATHERINE LYNNE DAVIS,

Debtors.

Case No. 22-40279-MJH

**MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14)**

This matter came before the Court on June 23, 2022, on Chapter 7 trustee, Brian Budsberg's ("Trustee"), objections to Lester Steven Davis and Katherine Lynne Davis's ("Debtors") homestead exemption and the Debtors' motion to compel the Trustee to abandon real property located at 18932 131st Street Court East, Bonney Lake, Washington ("Real Property"). The Court having considered the arguments of counsel and pleadings in the record hereby makes the following findings of fact and conclusions of law.

## I. Procedural Background and Undisputed Facts

The facts supporting this decision are undisputed. On November 23, 2020, the Debtors acquired the Real Property as community property. On March 10, 2022, the Debtors filed their Chapter 7 case. The Debtors valued the Real Property in their original bankruptcy schedules at $584,535.50 and originally claimed a homestead exemption in the Real Property pursuant to RCW 6.13.030 in the amount of $170,350. Schedule C, ECF No. 1. The Debtors listed a

MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14) – 1

Case 22-40279-MJH    Doc 41    Filed 07/06/22    Ent. 07/06/22 13:34:19    Pg. 1 of 6

deed of trust against the Real Property in favor of Pennymac Loan Services, LLC in the amount of $447,279.00. Schedule D, ECF No. 1.

On April 12, 2022, the Trustee conducted the Debtors' meeting of creditors pursuant to 11 U.S.C. § 341.[1] On May 6, 2022, the Trustee objected to the claimed homestead exemption, arguing that the Debtors acquired the Real Property within 1,215 days of filing the petition and therefore their exemption is capped at $170,350 pursuant to § 522(p)(1). ECF No. 11. On May 12, 2022, the Debtors amended their Schedule C to claim a homestead exemption of $340,700 pursuant to the application of § 522(m) on the exemption cap of § 522(p)(1). Amended Schedule C, ECF No. 13. On May 16, 2022, the Debtors filed a motion to compel the Trustee to abandon the Real Property pursuant to § 554(b). The Debtors argued that the Real Property is of inconsequential value to the estate because the equity does not exceed the § 522(p)(1) cap as the cap is doubled for joint debtors pursuant to § 522(m). Additionally, the Debtors contend that nearly all the increase in value is due to market appreciation, which the Debtors argue is excluded from the cap. The Trustee opposed the motion, arguing that the Real Property has value to the estate because the Debtors' equity likely exceeds $170,350 and § 522(m) does not allow joint debtors to double the $170,350 cap imposed by § 522(p)(1).

At the hearing held on June 6, 2022, the Trustee conceded that if the Court determined that each Debtor is entitled to claim the cap of $170,350 pursuant to § 522(m), the Real Property is of inconsequential value to the estate and he would stipulate to the abandonment of the Real Property. Based on this representation, the Court continued the hearing to permit the parties to brief the dispositive legal issue of whether § 522(m) allows joint debtors to double the exemption cap imposed by § 522(p) when claiming a homestead exemption up to the amount allowed under RCW 6.13.030.[2]

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

[2] In Washington, the allowed homestead exemption is based upon the median sale price of a single-family home in the preceding calendar year. For Pierce County, where the Real Property is located, the relevant homestead value at the time of filing is $508,300. A single Washington homestead is available where the parties are married or in a state registered domestic partnership. Here, the Debtors are married and therefore

MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14) – 2
Case 22-40279-MJH    Doc 41    Filed 07/06/22    Ent. 07/06/22 13:34:19    Pg. 2 of 6

## II. DISCUSSION

In relevant part, § 522(p) provides:

> [A]s a result of electing under subsection (b)(3)(A) to exempt property under State or local law, *a debtor* may not exempt any amount of interest that was acquired by *the debtor* during the 1215-day period preceding the date of filing the petition that exceeds in the aggregate $170,350[3] in value in–
>
> (A) real or personal property that the debtor or a dependent of the debtor uses as a residence.

§ 522(p) (emphasis added).

Section 522(m) provides: "[s]ubject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case." The parties do not dispute that the Real Property was acquired within 1,215 days before the filing of the petition and that accordingly, the cap imposed by § 522(p)(1) applies. Their disagreement instead lies in whether the $170,350 cap should apply to each debtor up to the amount allowed under the state homestead exemption statute.

The Trustee argues that § 522(m) does not allow the Debtors to double the § 522(p)(1) exemption cap because § 522(m) is limited by RCW 6.13.020, which does not allow joint debtors to double their homestead exemption. The Trustee reasons that § 522(m) is subject to "the limitation in subsection (b)." Further, "the limitation in subsection (b)" refers to § 522(b)(2), which states ". . . unless the State law that is applicable to the debtor under paragraph (3)(A) specifically does not so authorize."

The Debtors argue that the language of § 522(m) is clear and entitles joint debtors to double the § 522(p)(1) cap and that "the limitation in subsection (b)" refers to subsection (b)(1), which prohibits the stacking of the federal and state homestead exemptions. The Debtors reason that the limitation refers to subsection (b)(1) because subsection (b)(2) relates to whether a state can opt out of the federal exemptions. The Debtors further argue that § 522(m)

---

Washington law allows the Debtors to claim a single homestead exemption on the Real Property, not to exceed $508,300.

[3] The amount of the cap is subject to automatic adjustments under § 104.

MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14) – 3

does not double the state homestead amount or create two state homestead exemptions, instead it doubles the federal limitation on what could otherwise be claimed under state law. To support their argument, the Debtors cite *In re Nestlen*, 441 B.R. 135 (10th Cir. BAP 2010).

In *Nestlen*, joint debtors claimed a homestead exemption under Oklahoma state law. *Id.* at 137. The real property at issue was subject to the exemption cap imposed under § 522(p)(1) and the debtors sought to double the exemption cap pursuant to § 522(m). *Id.* at 142. A creditor objected to the debtors' claimed exemption, arguing that under Oklahoma law, a married couple may claim only one homestead and therefore Oklahoma joint debtors are not entitled to double the § 522(p) cap. *Id.* The Bankruptcy Appellate Panel for the Tenth Circuit held that pursuant to § 522(m), the Oklahoma joint debtors were entitled to double the § 522(p)(1) exemption cap. *Id.* at 142–43.

The Panel reasoned that § 522(p) is a federal limitation on a state law right that applies separately to each debtor under subsection (m). The Panel concluded that although the debtors could only claim one exemption under Oklahoma law, "the § 522 cap is purely a federal concept" and therefore, "whether the § 522(p) cap should be doubled for joint debtors is a question of federal law." *Id.* at 143. Accordingly, the Panel further concluded that "state law is irrelevant to the application of § 522(m) to § 522(p)," reasoning that if state law governed whether the § 522(p) exemption cap could be doubled, the federal cap would apply differently to debtors in different states. The Panel stated that it "cannot conceive of any reason why joint debtors in different states should be subject to different federal caps." *Id.*

The Trustee tries to distinguish *Nestlen*, noting that unlike Oklahoma, Washington does not have an unlimited homestead exemption or allow joint debtors to each claim separate homestead exemptions. For the reasons set forth below, the Trustee's reading of § 522(m) is incorrect.

In interpreting the meaning of a statute, a court must start "with the language of the statute itself." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235 (1989). If the language is clear,

MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14) – 4

the court's inquiry ends, and the court will enforce the statute according to its terms. *See id.* at 241.

Section 522(m) provides that § 522 "*shall* apply separately with respect to each debtor in a joint case" subject only to any limitation provided in § 522(b). § 522(m) (emphasis added). Section 522(b)(1) allows debtors to elect to exempt property in accordance with either state or federal law provided that debtors in joint cases must make the same election. Section 522(b)(2) allows states to "opt out" of the federal exemption scheme, thereby requiring their residents to exempt property under state law. Washington is not an opt-out state. Section 522(b)(3) allows debtors to claim the state law exemptions of their domicile if certain criteria is met.

The language of § 522(m) is clear and requires the cap imposed by § 522(p) to be applied separately to joint debtors, effectively doubling the $170,350 cap when each debtor has an ownership interest.[4] The Court agrees with the Debtors that § 522(m)'s use of "the limitation in subsection (b)" refers to the requirement that joint debtors elect either federal or state exemptions, but not both. Nothing under the facts of this case violates this statute's mandate. The Court sees no reason to distinguish *Nestlen* and finds the reasoning of that case to be persuasive.[5] Both Washington and Oklahoma allow joint debtors to claim only one homestead

---

[4] If one of the joint debtors does not have an ownership interest, the debtor cannot double the available exemption under § 522(m). *See*, *In re Gorski*, 85 B.R. 371, 372–73 (Bankr. W.D. Pa. 1988) (where husband transferred his joint tenancy interest to wife and therefore no longer had an ownership interest in the property, debtors were not entitled to double the exemption under § 522(m)); *In re Cotton*, No. 21-40847-MJH, 2022 WL 198859 (Bankr. W.D. Wash. Jan. 21, 2022) (Section 522(m) did not allow joint debtors to double the exemption cap imposed by § 522(q)(1)(A) where wife transferred her entire interest to husband and therefore no longer had an ownership interest in the property).

[5] Courts in other jurisdictions have made similar holdings to the Court's holding in this case and have also followed similar reasonings as *Nestlen*. *See, e.g.*, *In re Gentile*, 483 B.R. 50 (Bankr. D. Mass. 2012) (holding that Massachusetts homestead exemption was capped by § 522(p)(1) but joint debtors may "stack" the capped exemption under § 522(m)); *In re Limperis*, 370 B.R. 859 (Bankr. S.D. Fla. 2007) (holding that where the homestead exemption was limited by § 522(p), joint debtors could double the limitation under § 522(m)); *In re Rasmussen*, 349 B.R. 747 (Bankr. M.D. Fla. 2006) (As a result of application of § 522(m) to § 522(p), each debtor in a joint case may claim the cap amount as exempt); *In re Rich*, No. 12-10357, 2013 WL 1628723 (Bankr. D. Kan. Apr. 16, 2013) (holding that § 522(m) allows joint debtors to stack the § 522(p) exemption cap limit).

MEMORANDUM DECISION ON TRUSTEE'S OBJECTIONS TO HOMESTEAD EXEMPTION AND DEBTORS' MOTION TO COMPEL ABANDONMENT (ECF NOS. 11 & 14) – 5

Case 22-40279-MJH    Doc 41    Filed 07/06/22    Ent. 07/06/22 13:34:19    Pg. 5 of 6

exemption. Whether a state allows for a homestead exemption to be unlimited or up to a specific value is irrelevant to the legal issue before this Court.

Here, the Debtors own the Real Property as community property, thus, both Debtors have an ownership interest. The Debtors are not seeking to claim separate homestead exemptions, nor are they seeking to exempt more than what Washington law allows. Instead, the Debtors seek to claim a single exemption equaling the aggregate value of the caps imposed upon each Debtor pursuant to § 522(p)(1). Under the facts of this case, this "doubling" of the § 522(p) cap is allowed under § 522(m). While RCW 6.13.030 allows Debtors to claim a maximum homestead exemption of $508,300, § 522(p) creates a federal limitation on the value of the state exemption in bankruptcy. Subsection (m) applies that cap to each Debtor, meaning that each Debtor's share of the homestead is value-capped at $170,350. Accordingly, Debtors' aggregate homestead exemption is capped at $340,700 pursuant to § 522(p)(1).[6]

## III. Conclusion

The Debtors acquired the Real Property within 1,215 days of filing their petition and the $170,350 exemption cap imposed by § 522(p)(1) applies. The Debtors filed a joint case and own the Real Property as community property. Section 522(m) entitles the Debtors to double the § 522(p)(1) exemption cap to $340,700. The Trustee concedes that an exemption cap of $340,700 leaves no value to which the Trustee or the unsecured creditors might stake a claim. Accordingly, the Trustee's objections to the Debtors' claim of exemption are overruled and the Debtors' motion to compel the Trustee to abandon the Real Property is granted.

/ / / End of Memorandum Decision / / /

---

[6] As Debtors' equity in the Real Property does not exceed the cap imposed by § 522(p)(1), the issue of whether the cap includes the increase in value due to market appreciation is moot. Accordingly, the Court need not reach this issue.